IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RIGGS BANK N.A.                         *
                                                    *
                  v.                      *    Civil No. JFM-00-952
                                                    *
EDWARD J. HARRIS, JR., ET AL.     *
                                             *****

## MEMORANDUM

Riggs Banks has brought this action against Edward J. Harris, Jr. and Andre Downey to collect on guaranties executed by defendants with respect to a commercial term loan in the original principal amount of $500,000 made to Abatement Environment Resources, Inc. ("AER"). AER, which is now in bankruptcy defaulted on the loan. Proper demand for payment has been made upon AER and upon defendants. After defendants refused to pay, Riggs filed this action and moves for summary judgment.

### I.

Defendants assert that the loan made to AER was to finance the sale of AER to themselves. They further allege that their guaranties were subject to an oral condition precedent that this sale would close.

Under the law of the District of Columbia - which the parties appear to agree is governing - where the parties' intentions are "clear, unambiguous and not 'reasonably or fairly susceptible of different constructions or interpretations, or of two or more different meanings,' . . . no evidence may be introduced of prior agreements or terms, whether consistent or inconsistent, within the scope of the written agreement." Bolle v. Hume, 619 A.2d 1192, 1196 (D.C. 1993) (quoting 1010 Potomac Assocs. v. Grocery Mfrs. Of America, Inc., 485 A.2d 199, 205 (D.C.

1984); Holland v. Hannan, 456 A.2d 807, 815 (D.C. 1983); and Ozerol v. Howard Univ., 545 A.2d 638, 642 (D.C. 1988)).

Here, the guaranties executed by defendants contained an integration clause providing that:

> This Guaranty, together with any Related Documents, constitutes the entire understanding and agreement of the parties as to matters set forth in this Guaranty. No alteration of or amendment of this Guaranty shall be effective unless given in writing and signed by the party or parties sought to be charged or bound by the alteration or amendment.

Each of the guaranties also provided that it "would take effect when received by Lender [Riggs] . . . ." Nothing in the related loan documents suggest that the oral condition precedent alleged by defendants existed. To the contrary, the only condition precedents mentioned in the loan documents were in favor of Riggs. The commitment letter conditioned Riggs' obligations upon the execution of a management agreement between defendants and Joseph Downey, the owner of AER, and the business loan agreement between Riggs and AER conditioned Riggs' obligations under the loan upon Riggs' receipt of defendants' guaranties.

Defendants rely upon an exception to the parole evidence rule permitting extrinsic evidence that a contract containing unconditional obligations was not itself to become effective until an oral condition precedent had been met. As a matter of abstract logic, this exception could virtually swallow the rule. Therefore, its parameters must be judged by the context in which it has been articulated.

The three cases cited by defendants in which the exception was applied are clearly different from the present case. Two of them, Williams v. Johnson, 229 A.2d 163 (D.C. 1967) and Smith v. Rosenthal Toyota, Inc., 573 A.2d 418 (Md. Ct. Spec. App. 1990), involved consumer transactions and presented factual disputes as to whether the party seeking to enforce

the contract had been guilty of heavy-handed treatment if not outright fraud. The third case, Gordon v. Miami Nat'l Bank, 406 F.2d 660 (D.C. Cir. 1968), did involve a guaranty of a commercial loan. However, the only issue addressed on appeal was whether the party who had executed the guaranty (and who alleged that he had been induced to sign it by the promise that it would not become effective unless three further co-guarantors were obtained) had been given adequate notice that the court intended to rule upon the bank's motion for summary judgment. The opinion cited by defendant does not address whether the guaranty there involved contained an integration clause. Moreover, there is no indication that in Gordon (unlike here) other provisions in the loan documents established condition precedents only to the obligations of the bank, not to the guarantor.

It might appear that the easy way to avoid a collision between the parole evidence rule and the "oral condition precedent" exception to the rule relied upon by defendants would be to deny Riggs' motion for summary judgment and permit discovery to proceed. That course would, however, result in substantial litigation expense and at least some delay. It would thus defeat the very purpose of the parole evidence rule "to promote the stability of transactions by preventing disgruntled parties from avoiding obligations by alleging oral understandings that conflict with their written agreement when those agreements were reduced to writing in order to forestall just such contentions." Hercules & Co. v. Shama Restaurant Corp., 613 A.2d 916, 929 (D.C. 1992) (quoting 1010 Potomac Assocs., 485 A.2d at 210).

II.

Defendants make two other contentions. First, they challenge the affidavit submitted by Riggs' group vice president in support of the bank's summary judgment motion on the ground that he did not have personal knowledge of the negotiations between the parties. This challenge

fails because, as I have ruled, the negotiating history is not material in light of the fact that the parole evidence rule bars the admission of evidence about it.

Second, defendants argue that they should be afforded an opportunity to test Riggs' damage calculations. Plaintiff seized some of AER's assets after those assets were abandoned by the United States Bankruptcy Trustee. Plaintiff sold these assets, possibly offsetting AER's debt. Plaintiff's damages calculations are well supported. Mr. Havard's statement that AER's assets did not offset the debt may be sufficient for summary judgment. Defendants have not introduced evidence sufficient to rebut Mr. Havard's statement. However, I am satisfied that they should be afforded discovery concerning the seizure and sale of AER's assets in order to challenge Mr. Havard's statement that the assets did not affect the debt. Accordingly, Riggs will be granted summary judgment only on the issue of liability.

A separate order effecting the ruling made in this memorandum is being entered herewith.

Date:   October 12, 2000

                                    J. Frederick Motz
                                    United States District Judge